CONESTOGA CHEMICAL CORPORATION,
a corporation of the State of Delaware,
Defendant Below, Appellant,

v.

F. H. SIMONTON, INC., Plaintiff Below,
Appellee;

Wilmington Industrial Park, Inc., a corporation of the State of Delaware, Defendant Below, Appellee.

F. H. SIMONTON, INC., Plaintiff Below,
Appellant,

v.

CONESTOGA CHEMICAL CORPORATION,
a corporation of the State of Delaware,
Defendant Below, Appellee;

Wilmington Industrial Park, Inc., a corporation of the State of Delaware, Defendant Below, Appellee.

Supreme Court of Delaware.

July 29, 1970.

Victor F. Battaglia, of Biggs & Battaglia, Wilmington, for F. H. Simonton, Inc.

John VanBrunt, Jr., Wilmington, for Wilmington Industrial Park, Inc.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

F. H. Simonton, Inc. (Simonton), an insurance broker and appellee herein, initiated an action in Superior Court against Conestoga Chemical Corporation (Conestoga), appellant and Wilmington Industrial Park, Inc. (Park), appellee, for a declaratory judgment determining Simonton's liability, if any, to Conestoga and Park for loss caused by the alleged failure of Simonton to procure the agreed amount of fire insurance upon two buildings owned by Park and leased to Conestoga, and the contents thereof owned by Conestoga. Conestoga and Park had claimed the amount of $100,000 from Simonton, alleging such a failure, and Simonton requested that the Court find and declare nonliability on its part. The Superior Court accepted jurisdiction and ruled that Simonton had breached its agreement and was liable therefor. The Court held that Simonton had contracted to provide $200,000 worth of fire insurance on the buildings and contents, but had in fact provided only $100,000 of such insurance, which was placed with four insurance companies.

The record discloses that the four companies which issued policies naming Conestoga and Park as insureds paid to them the full amount of their coverage. Park thereafter filed a paper certifying that the two insured divided that $100,000 in such way as to satisfy any claim which Park might otherwise have against Simonton.*

The Court below held, *inter alia*, that the buildings were totally destroyed; that Con-

Henry N. Herndon, Jr., and Richard P. Beck, of Morris, James, Hitchens & Williams, Wilmington, for Conestoga Chemical Corporation.

* Although Park has never been dismissed as a party, it has taken no further interest in the case, but was named as an appellee in both of these appeals. It accordingly filed a brief with us alleging these facts. It is still a party of record, and we deny Simonton's motion to dismiss its brief.

estoga, as lessee with an option to buy, had an insurable interest in the buildings; that Conestoga was the owner of the contents, the value of which exceeded $37,500, which was the amount of insurance Simonton had agreed to place upon those contents; that Conestoga's recovery must be limited to the loss of contents; that, Park having filed a disclaimer of any interest in any additional recovery for the buildings, Conestoga had the burden of proving the value of its interest therein; that Conestoga had failed to carry that burden, and could accordingly recover nothing from Simonton for the loss of the buildings. Conestoga appeals from that holding. Simonton cross-appeals from the award of interest on the loss of the contents.

Conestoga takes the position in its appeal that it is entitled to the full amount of $100,000—$37,500 for the contents and $62,500 for the buildings; that the Valued Policy Statute, 18 Del.C. § 1102(c) is applicable to the present situation with respect to the building loss; that, under that statute, it is not required to prove the value of its interest in the buildings. Although Simonton originally questioned the ruling of the Court below allowing recovery for the contents, it withdrew that contention at oral argument in this Court.

■■ We accept the general rule that a broker who has wrongfully failed to provide insurance according to his agreement is, in case of loss, liable to the insured for the amount which the insured would have received from the insurer had the coverage been placed. 3 Couch on Insurance 2d, § 25:46. Simonton contends that this basic rule is not applicable here because, it argues, it was acting as agent for a disclosed principal. We presume this reference is to the four companies which did issue the policies. But this is a *non sequitur*. Neither Conestoga nor Park had any way of knowing what companies the additional $100,000 would have been written with. They had no reason to believe that those same four companies would have accepted the additional risk; indeed, in view of the amounts involved, they might justifiably have believed the contrary. In any event, under the findings of the Court below, which are supported by the evidence, it was Simonton's fault that the coverage was not placed; certainly, it cannot escape liability for its breach of the agreement.

If the additional policies had been written, they would necessarily have complied with the provisions of our Valued Policy Statute. 18 Del.C. § 1102(c). That Act reads in part as follows:

"(a) Whenever any policy of insurance shall be issued to insure any real property in this State against loss by fire, * * * and the property insured shall be wholly destroyed without criminal fault on the part of the insured, * * * the amount of the insurance stated in such policy * * * shall be taken conclusively to be the true value of the property insured and the true amount of loss and measure of damages, subject to the proviso in subsection (b) of this section.

"(b) Every such policy, whether hereafter issued or renewed, shall have endorsed across the face of it the following: 'It is agreed between insurer and insured that the value of the real property insured is the sum of $_____.'

"(c) The amount of the agreed value stated in the endorsement shall be binding on both parties as to value; * * *."

In the present case, therefore, had policies been actually issued, there could have been no contention concerning the amount to be paid thereunder, if the buildings were a total loss. 15 Couch on Insurance 2d, § 54:172. Since, as we have indicated, Simonton's liability is precisely the same as that of an insurer, it is bound by this statute to the same extent as an insurer.

■ Simonton contends, however, that the buildings were not a total loss. As we understand the facts, when the fire was finally subdued, some portions of these buildings still remained standing but, because of certain building regulations, the

proper officials ordered the remains to be demolished. This constitutes a total loss. Fidelity and Guaranty Insurance Corporation v. Mondzelewski, Del.Supr., 117 A.2d 369 (1955).

■ Simonton further contends that the Valued Policy Statute has no application because, Park having been fully paid for its interest, Conestoga's interest is only partial and it cannot recover upon the basis of a total loss, wherefore it must prove the extent of its loss. It was this argument which prevailed in the Court below. We disagree. The mere fact that Park and Conestoga divided the proceeds of the other policies in such way as to reimburse Park in full cannot have the effect of releasing Simonton from its obligation, either entirely or partially. As was said in Kahn v. American Ins. Co., 137 Minn. 16, 162 N.W. 685:

> "The fact that plaintiffs settled their differences * * * with the lessor is no concern of the defendants. * * * The defendants undertook to insure the same against loss and have no right to resort to the settlement between the lessees and the lessor to escape liability on the policies."

■ The same reasoning applies to Simonton's reliance upon a clause in the leases that any insurance on the buildings "shall be payable to the lessor to the exclusion of the lessee." Despite this language, those four policies which were issued through Simonton included both the owner and lessee as insureds, as their interests may appear. Undoubtedly, had the additional insurance been provided, these policies would have been in the same form. In any event, Conestoga clearly had an interest which it had a right to protect by insurance. Had Simonton lived up to its obligation, the insurers would have had no interest in how the two insureds divided the proceeds, so long as the insurers were competely released of any further liability after payment thereof. Simonton is in the same boat. If there ever was any dif-

ference between Park and Conestoga concerning this division, it has now ended. We find nothing in this argument to justify any reduction in the amount which Simonton ought to pay.

■ In making its award, the Court below required payment of interest from the date of loss. Simonton objects to this allowance. The objection has no merit. Metropolitan Mutual Fire Insurance Company v. Carmen Holding Company, Del.Supr., 220 A.2d 778 (1966).

The judgment entered below must be modified as indicated herein. The case will be remanded with instructions to enter judgment for the full amount, plus interest.

