MINOR et al.; Robinson, Appellant,

v.

ALLSTATE INSURANCE COMPANY, INC. et al., Appellees.

[Cite as *Minor v. Allstate Ins. Co., Inc.* (1996), 111 Ohio App.3d 16.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15423.

Decided May 10, 1996.

*Aaron G. Durden,* for appellant.

*Richard D. Sweebe* and *Diane Sheehy Sebold,* for appellees.

---

GRADY, Judge.

This is an appeal from a summary judgment dismissing a complaint for breach of contract and negligence arising from an insurer's refusal to provide insurance coverage for property losses resulting from the burglary of a home. The home concerned is located at 6900 Derby Road, in Montgomery County, and is owned by Alberta Minor.

In 1987, Alberta Minor's daughter Barbara Olivia Robinson moved into her mother's home at 6900 Derby Road. Several years later, Alberta Minor contacted Steve Rogers, an insurance agent, concerning property insurance coverage for the home and its contents. On October 17, 1990, Alberta Minor signed an application for property insurance coverage by Allstate Insurance Company, Rogers's principal. Alberta Minor did not list any children as occupants, but listed the number of residents as two. A policy was subsequently issued by Allstate. It identified 6900 Derby Road as the residence premises and Alberta Minor and Maurice Minor, her husband, as the named insureds.

Sometime during the period of 1990 to 1992, Alberta Minor moved from the home at 6900 Derby Road to another residence she owned in Montgomery County. On December 3, 1993, a burglary was committed at 6900 Derby Road. Contents of the house that were owned by Robinson were taken.

Robinson filed a claim for her loss with Allstate. The company denied the claim, stating that Robinson was not an insured under the policy.

Robinson and her parents, Alberta and Maurice Minor, commenced this action against Allstate and Rogers to enforce Robinson's claims. They alleged that either (1) Robinson is an insured under the policy or (2), alternatively, that Rogers either breached a contract to provide coverage for Robinson or was negligent in failing to do so. The defendants moved for summary judgment, which was granted by the trial court. The Minors voluntarily dismissed their claim. Robinson has appealed, and now presents three assignments of error.

First Assignment of Error:

"The lower court erred in granting defendants, Allstate Insurance Company, Inc., and Steve Rogers, summary judgment when the evidence in this case shows the defendants had constructive notice of plaintiff as a resident of the home and thus entitled to coverage under this policy."

Second Assignment of Error:

"The lower court erred in granting defendants, Allstate Insurance Company, Inc., and Steve Rogers, summary judgment because reasonable minds can reach more than one conclusion in determining whether defendants breached their duty to provide insurance to the plaintiff."

Third Assignment of Error:

"The lower court erred in granting summary judgment to the defendants, Allstate Insurance Company, Inc., and Steve Rogers, when reasonable minds could differ in the interpretation of the insurance contract for homeowners' coverage."

Because the three assignments of error turn on interrelated issues of fact and law, they will be considered together.

■ Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. *Morris v. First Natl. Bank* (1970), 21 Ohio St.2d 25,

50 O.O.2d 47, 254 N.E.2d 683. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825.

■ Because an insurance policy is a written contract, we look to its terms to determine the intention of the parties concerning coverage. In so doing, the court must give the words in the policy their plain and ordinary meaning. *State Farm Auto Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528, 575 N.E.2d 459. When the policy language is ambiguous, and thus susceptible of more than one interpretation, the ambiguity must be liberally construed in favor of the claimant who seeks coverage. *Id.*

■ It is undisputed that on the date of the burglary the named insureds identified on the declarations page of the policy issued by Allstate were Alberta and Maurice Minor. Their daughter Robinson claims coverage based on definitional provisions of the policy that states:

"3. 'Insured person(s)'—means you and, if a resident of your household: (a) any relative * * *."

The policy also states:

"7. 'Resident Premises'—means the dwelling, other structures and land located at the address stated on the Policy Declarations.

"8. 'Insured premises'—means: (a) the residence premises * * *."

The policy further provides:

"Insuring Agreement

"In reliance on the information you have given us, Allstate agrees to provide the coverages indicated on the Policy Declarations. In return, you must pay the premium when due and comply with the policy terms and conditions, and inform us of any change in title, use or occupancy of the resident premises."

Though Robinson is a relative of the named insureds, she was not a resident of their household when the loss occurred.

■ The plain and ordinary meaning of the term "household" is "those who dwell under the same roof and compose a family: * * * a social unit comprised of those living together in the same dwelling place." *Shear v. W. Am. Ins. Co.* (1984), 11 Ohio St.3d 162, 166, 11 OBR 478, 481, 464 N.E.2d 545, 548. Maurice Minor has never lived at 6900 Derby Road. Alberta Minor had moved from there to another residence when the burglary occurred. Because Robinson was not then a member of the household of the insureds named in the policy, she cannot

be an insured entitled to coverage under the policy pursuant to the provision on which she relies.

■ With respect to Robinson's claim against Rogers, that he negligently failed to procure insurance that would cover her loss, Robinson relies on Alberta Minor's testimony that "I'm sure that I told him that I lived there and that my daughter lived there." Robinson herself testified concerning a conversation when her mother asked Rogers to procure insurance coverage for any loss to the property and its contents:

"The three of us were standing there talking about insurance on the property and at a point my mother turned to me and asked me, 'Do you think it is enough coverage, it is primarily your things here,' And I said, 'Yes.' And because there would have been no reason to camouflage, to hide, to lie [about] my being there, my living there."

The foregoing evidence, viewed most strongly in favor of Robinson, as Civ.R. 56 requires, demonstrates that Steve Rogers was on notice that Alberta Minor's purpose in purchasing insurance for 6900 Derby Road, or at least one of her purposes, was to provide insurance coverage for the personal property that her daughter kept there. The issue is whether Rogers was under any duty to Robinson which he breached by failing to procure such coverage.

■ An insurance agent who, with a view to compensation, undertakes to procure insurance for another is obligated to do so. The agent is liable if, as a result of his or her negligent failure to perform that obligation, the other party to the contract suffers a loss because of a want of the insurance coverage contemplated by the agent's undertaking. See Couch On Insurance 3d (1995), Section 46:46. Such a failure has been found where the type of coverage or the amount procured was less than that desired by the insured. *Conestoga Chem. Corp. v. F.H. Simonton, Inc.* (Del.1970), 269 A.2d 237. In that event, the extent of the agent's liability is the amount the insured would have received from the insurer had the coverage been placed. *Id.*

■ The evidence reasonably supports an inference that Steve Rogers knew that Alberta Minor wished to benefit Robinson with insurance coverage for her personal property when she asked Rogers to procure insurance to protect the residence premises. Rogers's undertaking to procure insurance implies a promise that the coverage he obtained would provide that benefit. As a third-party beneficiary of Rogers's implied promise, Robinson may maintain a claim against Rogers for any loss she suffered as a proximate result of his breach and/or negligent failure to perform that promise.

Whether an agent has negligently failed to procure insurance is ordinarily a question of fact. Couch, *supra*. Reasonable minds might conclude that it was foreseeable to Rogers that the coverage he procured would not provide the protection that Alberta Minor desired if she moved from the insured premises. Whether Rogers breached his duty by failing to tell her that or by failing to procure different coverage is a question for the jury. Likewise, the jury must decide whether any duty that Rogers owed Robinson as a third-party beneficiary of the implied promise that he made to her mother was cut off by Alberta Minor's failure to inform Allstate and Rogers that she no longer occupied the residence premises, as the policy may have required her to do.

The assignments of error are sustained in part and reversed in part. The summary judgment appealed from is sustained to the extent that it dismissed Robinson's claim as an insured under the Allstate policy, but is reversed with respect to the claims for relief against Rogers and Allstate as his principal.

*Judgment accordingly.*

FAIN, J., concurs in judgment only.

BROGAN, P.J., dissents.

FAIN, Judge, concurring in the judgment.

I join in the judgment reversing the summary judgment rendered in favor of defendants-appellees Allstate Insurance Company and Steve Rogers, its agent. While I agree with the reasoning expressed in the opinion of this court that there is a triable issue of fact concerning Robinson's claim that Rogers, as Allstate's agent, negligently failed to procure a policy of insurance, I would also find that the policy's use of the phrase "a resident of your household" is ambiguous in the context in which it is used, and should therefore be construed strictly against the insurer.

It is undisputed that at the time of the loss plaintiff-appellant Robinson was a resident of the household at 6900 Derby Road, and it is undisputed that the 6900 Derby Road residence was defined in the policy as the "resident premises." Both at the time the policy of insurance was procured and at the time of the loss, Robinson had an insurable interest because she had property located on the premises. Furthermore, neither Robinson's insurable interest nor Allstate's risk changed when her mother, who continued to own the "resident premises," removed to live elsewhere.

The essential risk undertaken by Allstate was the risk of a casualty loss to the property of Alberta Minor and also to the property of any relatives or dependent persons in her care residing in her household. Continued residence in the household was an express condition of continuing coverage with respect to Mrs.

Minor's spouse, relatives, or dependent persons, but was not specified as a condition of continuing coverage of Mrs. Minor, herself.

Because Mrs. Minor continued to own the "resident premises," in my view it is not clear whether the household located at 6900 Derby Road continued to be "her household" could only be taken to mean the premises where Mrs. Minor was then living. In view of the fact that neither Robinson's insurable interest nor Allstate's risk were affected by the fact that Mrs. Minor began living elsewhere, since exactly the same property remained covered for exactly the same risk of loss, it appears to me that a reasonable and plausible interpretation of the policy is that the home at 6900 Derby Road continued to be Mrs. Minor's "household" because she continued to own it, even if she no longer lived there.

Because ambiguous provisions in a policy of insurance must be interpreted strictly against the insurer, I would hold that the casualty loss to Robinson's property located at the insured premises continued to be covered by the policy, notwithstanding the incidental fact that Mrs. Minor had moved out of the house.

I understand that with respect to the issue of the proper construction of the insurance policy I am in the minority—that the other two judges of this court find that the phrase "resident of your household" clearly and unambiguously means that once Mrs. Minor moved out of the house, Robinson no longer qualified. Therefore, the only claim to be tried on remand is the negligent failure to procure insurance claim, with respect to which Judge Grady and I conclude that there is a genuine issue of material fact.