DECISION AND JUDGMENT ENTRY
In this appeal from a judgment of the Lucas County Court of Common Pleas, we are asked to determine whether the trial court erred in granting summary judgments to defendants-appellees, Lomas Mortgage USA, Inc.("Lomas")[1], and American Bankers Insurance Group and American Bankers Insurance Company of Florida (hereinafter collectively known as "American Bankers"). For the following reasons, we affirm the judgment of the trial court.
The undisputed facts of this case are as follows. In 1993, plaintiff-appellant, Robert M. Slawski owned a house located at 522 Plymouth Street in Toledo, Lucas County, Ohio. Lomas held the mortgage on this property. As part of the mortgage contract, Lomas required Slawski to maintain fire and other hazard insurance on the house.
Slawski held a homeowner's insurance policy for the Plymouth Street property with American States Insurance Company effective through November 5, 1993. However, on October 4, 1993, American States Insurance Company informed Lomas that it was not renewing the policy. On October 25, 1993, Slawski called Lomas and stated that he was changing the insurer of the mortgaged property to Farmers Insurance Company.
Because Lomas did not receive a copy of the Farmers Insurance Company policy by November 5, 1993, it sent Lomas a letter stating that Lomas would provide temporary hazard insurance in the amount of $46,900. The letter advised Slawski that if he did not provide notice of insurance or the replacement policy itself by February 3, 1994, Lomas would order an annual insurance policy. The letter concluded: "Both the daily accrual of the temporary insurance and the premium for the annual policy will be charged to your escrow/impound account * * *. If Lomas receives evidence by November 20, 1993 showing continuous insurance coverage was in effect, the temporary insurance coverage provided will be canceled without cost to you."
Lomas obtained the temporary hazard insurance from American Bankers. The "Temporary Hazard Insurance Binder" issued by American Bankers was limited to "Mortgaged Residential Property" of which Lomas was the mortgagee. Lomas was listed as the named insured with the right to cancel by returning the policy to American Bankers. Coverage was effective on the date of expiration or cancellation of prior insurance coverage for a term not exceeding ninety days.
On November 22, 1993, Slawski's insurance agent, Robert Billings, faxed a copy of the Farmers Insurance Company binder to Lomas. The binder expressly provided that the homeowners' insurance policy issued to Slawski was effective from November 1, 1993 to November 1, 1994. The total coverage for the Plymouth Street property was $25,000. Therefore, effective November 22, 1993, Lomas canceled the American Bankers temporary hazard insurance coverage for that property. Because the binder was received after November 20, 1993, Lomas charged Slawski $1.50 per day, the fee amount set by American Bankers for temporary hazard insurance, for eighteen days, specifically, for November 5, 1953 through November 22, 1993. In a January 4, 1994 letter to Slawski, the Vice-President of Lomas, Terri Wimberly, explained, however, that upon receipt of the Farmers Insurance Company Binder, Slawski's temporary hazard insurance was canceled retroactive to the effective date of that binder, November 1, 1993 and that the fee charged was refunded to his "escrow/impound account."
On November 23, 1993, a fire destroyed the Plymouth Street dwelling. Slawski filed a claim with Farmers Insurance Company and was paid the $25,000 limit. He then attempted to recover $49,600 from Lomas for the loss of his residence and $159,952.61, the cost of re-building the residence, from American Bankers. Both Lomas and American Bankers refused to honor Slawski's claims.
On August 25, 1994, Slawski commenced the instant action. He maintained that Lomas breached an "oral" temporary hazard insurance policy and that American Bankers breached the terms of the written Temporary Hazard Insurance Binder. He requested damages in the amounts listed above, interest thereon, and court costs.
Both Lomas and American Bankers filed answers, and each filed a separate motion for summary judgment. Lomas based its motion for summary judgment on the absence of any contract of insurance between Lomas and Slawski at the time of the fire, November 23, 1993. The motion was supported by the affidavit of Terry Wimberly, who swore that her averments were "true and accurate to the best of her knowledge, information and belief." The documents, e.g., the mortgage deed and her correspondence with Slawski, relevant to a decision on the motion were authenticated by Wimberly and attached to her affidavit. These documents revealed the facts set forth above.
Likewise, American Bankers' motion for summary judgment was predicated on the lack of an insurance contract between American Bankers and Slawski on the day of the fire. This motion was supported by Slawski's deposition, the Temporary Hazard Insurance Binder and two documents (the Farmers Insurance Company Binder and a letter from Lomas to Slawski) that were also submitted in support of the Lomas motion for summary judgment.
In response, Slawski challenged the "contradictory" statements made by Terri Wimberly concerning the fee charged Slawski by Lomas for the temporary hazard insurance. Based on the alleged inconsistency, Slawski claimed that in order to grant the motions for summary judgment, the trial court would have to determine the credibility of this witness. Slawski also maintained that the Temporary Hazard Insurance Binder provided coverage for a maximum of ninety days and that he did not cancel that insurance; therefore, the insurance was in effect on the day of the fire.
In its judgment entry granting the motions for summary judgment, the common pleas court found that, even in viewing the evidence in a light most favorable to Slawski, reasonable minds could only conclude that the temporary hazard insurance issued by American Banker was not in effect on the day of the fire, November 23, 1999. Based upon its finding with regard to American Bankers, the court further found that Lomas was entitled to summary judgment as a matter of law.
Slawski asserts that the following error occurred in the proceedings before the trial court:
 "The trial court erred in granting summary judgment because there were material factual matters to be determined by the jury and reasonable minds could have come to more than one conclusion."
This court engages in a de novo review of the lower court's grant of summary judgment. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law.Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
A party moving for summary judgment on the ground that the nonmoving party cannot prove its case bears the burden of delineating the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on one or more of the essential elements of the nonmoving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. Id.
Slawski reiterates on appeal that because Wimberly made contradictory statements concerning the fee for the temporary hazard insurance, the trial court impermissibly determined the credibility of her statements in order to find in favor of Lomas and American Bankers. Slawski also repeats the assertion raised below concerning the length of coverage provided in the Temporary Hazard Insurance Binder, as well as the fact that he never canceled that insurance. Finally, Slawski argues that Paragraph No. 8 in Wimberly's affidavit, which states that Lomas canceled the temporary insurance coverage for Slawski's property on November 22, 1993, is inconsistent with the contents of the November 5, 1993 letter from Lomas to Slawski. According to Slawski, the letter states, "without qualification that Lomas would cancel the insurance only if it had received notice of other coverage by November 20, 1993, and it did not receive such notice of coverage."
The trial court's decision rests on a finding that the American Bankers' Temporary Hazard Insurance Binder was never in effect. The binder specifically stated that coverage was "effective on the earlier of (1) the date of expiration or cancellation of the prior insurance coverage." The court therefore reasoned that since the Farmers Insurance Company policy was deemed effective as of November 1, 1993 and the American States policy did not lapse until November 5, 1993, the triggering event for coverage under the American Bankers policy did not occur. Thus, Lomas and American Bankers were entitled to summary judgment as a matter of law. Slawski does not contest the common pleas court's reasoning, its finding, or the undisputed evidence supporting that finding. Consequently, the trial court's judgment must be affirmed on this basis alone. However, even if we assume that a contract of temporary hazard insurance provided coverage for the premises at 522 Plymouth Street at some point in November 1993, Slawski failed to offer facts creating a triable issue regarding its existence on November 23, 1993. While we might agree with Slawski that a question of fact exists as to whether he was ever refunded the $27 fee for the purported eighteen days of temporary hazard insurance coverage, it is undisputed that this coverage was canceled, at the latest, by November 22, 1993. It is also undisputed that it was canceled by the mortgagee, Lomas, the party authorized in the temporary hazard insurance binder to cancel said insurance. This disposes of the first two arguments raised by Slawski.
Turning to Slawski's final assertion, the November 5, 1993 letter, the relevant sentence reads: "If Lomas receives evidence by November 20, 1993 showing continuous insurance coverage was in effect, the temporary insurance coverage provided will be canceled without cost to you." We find that Slawski misconstrues this sentence. It does not provide for extended temporary hazard insurance coverage if proof of other insurance is not received by November 20, 1993. Rather, it provides that the mortgagor will not be required to pay for the temporary hazard insurance coverage if he or she provides proof of other insurance by November 20, 1993. See Minor v. Allstate Ins. Co. (1996), 111 Ohio App.3d 16, 20 (A court must give the words in an insurance policy their plain and ordinary meaning.)
For all of the foregoing reasons, we find that Slawski failed to set forth specific facts showing the existence of a genuine triable issue that would have precluded summary judgment. Accordingly, his sole assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Robert M. Slawski is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.
[1] We ordered an automatic stay of this appeal in 1997 due to the fact that Lomas Mortgage USA, Inc., filed a Chapter 11 bankruptcy. After the stay in this cause was lifted, Lomas failed to file an appellee's brief.