This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Elaine and Leon Thorne, appeal from the decision of the Summit County Court of Common Pleas, which granted the motion for summary judgment of Appellee, Amerisure Insurance Co. We affirm.
 I.
{¶ 2} The underlying facts of this appeal are not in dispute. On June 24, 1999, the Thornes were traveling in North Carolina when they were involved in an automobile accident when a vehicle negligently operated by Anne Corley Silverman struck the Thornes' vehicle. Both Leon and Elaine were injured in the accident.
{¶ 3} The Thornes received $300,000 from Silverman's insurance carrier, an amount equal to the policy limits. The Thornes maintained a personal insurance policy with the same limits; therefore, they did not recover any further amount from their personal insurance carrier.
{¶ 4} At the time of the accident, Elaine was employed by Tramonte Distributing Co. ("Tramonte"), which contracted with Amerisure for a commercial auto liability insurance policy with coverage for underinsured motorists (UIM) with an aggregate limit of one million dollars. It is undisputed that, at the time of the accident, the Thornes were on personal business, driving a personally-owned vehicle, and that Elaine was not acting within the course and scope of her employment with Tramonte.
{¶ 5} The Thornes brought an action for declaratory judgment and damages in the Summit County Court of Common Pleas, seeking UIM benefits from Amerisure, pursuant to Scott-Pontzer v. Liberty Mutual Fire Ins.Co. (1999), 85 Ohio St.3d 660. Amerisure filed a motion for summary judgment, asserting that the Thornes were not insureds under the policy. The Thornes filed an opposing motion for summary judgment. The trial court granted Amerisure's motion for summary judgment and denied the Thornes' motion. This appeal followed.
 II. Assignment of Error {¶ 6} "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE AMERISURE INSURANCE COMPANY AND DENYING APPELLANT ELAINE THORNE'S MOTION FOR SUMMARY JUDGMENT."
{¶ 7} In their sole assignment of error, the Thornes assert that the trial court erred in granting summary judgment to Amerisure and in denying their motion for summary judgment. We disagree.
{¶ 8} We begin by noting that we review an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
{¶ 9} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 {¶ 10} "(1) No genuine issue as to any material fact remains to be litigated;
 {¶ 11} (2) the moving party is entitled to judgment as a matter of law; and
 {¶ 12} (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
{¶ 13} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
{¶ 14} In their motion for summary judgment, the Thornes asserted that the commercial auto liability policy in question was ambiguous with respect to the definition of an insured, and, pursuant to Scott-Pontzer, supra, they were insureds under the policy. Amerisure argued that the inclusion of a named individual on a broadened coverage endorsement form removes the ambiguity in the definition of an insured, and therefore,Scott-Pontzer does not apply to the facts of this case.
{¶ 15} If an insurance contract is clear and unambiguous, its interpretation is a question of law. Red Head Brass, Inc. v. BuckeyeUnion Ins. Co. (1999), 135 Ohio App.3d 616, 627; Beaver Excavating Co.v. United States Fid. Guar. Co. (1998), 126 Ohio App.3d 9, 14. In interpreting insurance policies, as with other written contracts, we look to the terms of the policy to determine the intention of the parties concerning coverage. Minor v. Allstate Ins. Co., Inc. (1996),111 Ohio App.3d 16, 20. We must give the words and phrases in the policy their plain and ordinary meaning. Id., citing State Farm Auto Ins. Co.v. Rose (1991), 61 Ohio St.3d 528, overruled on other grounds, Savoie v.Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, paragraph one of the syllabus. We begin our analysis with a review of the relevant policy language.
{¶ 16} The declaration page of the policy's commercial auto coverage identifies the named insured as "Tramonte Distributing Company." The policy provides the following definition for an insured:
{¶ 17} "Who is an Insured
{¶ 18} "(1) You.
 {¶ 19} "(2) If you are an individual, any `family member'.
 {¶ 20} "(3) Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto'. The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 21} "(4) Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'."
{¶ 22} A later endorsement, entitled "DRIVE OTHER CAR COVERAGE — BROADENED COVERAGE FOR NAMED INDIVIDUALS," modifies the policy. The broadened coverage endorsement modifies the policy and lists Jack F. Tramonte, an individual, on the Schedule. The endorsement modifies the auto medical payments coverage and UIM coverage. It provides:
{¶ 23} "The following is added to Who Is An Insured:
 {¶ 24} "Any individual named in the Schedule and his or her `family members' are `insureds' while `occupying' or while a pedestrian when being struck by any `auto' you don't own except:
 {¶ 25} "Any `auto' owned by that individual or by any `family member.'
{¶ 26} "* * *
{¶ 27} "Additional Definition
{¶ 28} "As used in this endorsement:
 {¶ 29} "`Family member' means a person related to the individual named in the the (sic) Schedule by blood, marriage or adoption who is a resident of the individual's household, including a ward or foster child."
{¶ 30} The Thornes argue that they are entitled to UIM coverage based upon the authority of Scott-Pontzer. In Scott-Pontzer, the Ohio Supreme Court addressed whether a corporation's employees are entitled to UIM coverage under the corporation's insurance policies. The Supreme Court held that when the named insured in an insurance company is a corporation, the definition of "you," as included in the definition of an insured, is ambiguous. Scott-Pontzer, 85 Ohio St.3d at 665. The Supreme Court therefore determined that the coverage applied to the corporation's employees, because "a corporation can act only by and through real live persons." Id. at 664.
{¶ 31} This Court has previously held that the inclusion of a named individual as an insured in a broadened coverage form removes the ambiguity in the definition of an insured for UIM benefits. WestfieldIns. Co. v. Galatis (Apr. 3, 2002), 9th Dist. No. 20784, at 6. Therefore, this Court need not reach a Scott-Pontzer analysis on the facts of this case. Unlike Scott-Pontzer, where the insurance policy listed only the corporation as the named insured, without any regard to individual persons, Tramonte's commercial auto liability policy refers to a Schedule of a named individual, Jack F. Tramonte, as an insured for UIM coverage. See Scott-Pontzer, 85 Ohio St.3d at 664. Consequently, the policy language as to the definition of an insured is not ambiguous and is not open to the interpretation that employees of Tramonte are insureds for UIM coverage. See Galatis, supra, at 6. This Court interprets the language of Tramonte's policy as providing UIM benefits only the named individual listed in the Schedule. Accordingly, Elaine is not an insured under the terms of the policy, and she is not entitled to UIM benefits under the policy.
{¶ 32} Accordingly, summary judgment was properly granted to Amerisure. In addition, the trial court did not err in denying the Thornes' motion for summary judgment. The Thornes' assignment of error is overruled.
 III.
{¶ 33} Having overruled the Thornes' sole assignment of error, we affirm the judgment of the Summit County Court of Common Pleas.
WHITMORE, J., BATCHELDER, J. CONCUR.