This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Angela Caruso, appeals from the decision of the Summit County Court of Common Pleas, which dismissed Appellant's complaint on the merits. We affirm.
{¶ 2} Appellant brought an action for declaratory judgment and monetary damages in the Summit County Court of Common Pleas, seeking underinsured motorists (UIM) benefits from Appellees, Utica Insurance Company and Republic Franklin Insurance Company. At the first pretrial conference, the parties agreed to submit the declaratory judgment issues by stipulation and briefs. Thereafter, Appellant filed a motion for summary judgment and the court issued an order stating that Appellant's motion "should have been characterized as a [b]rief[,]" as the "parties agreed to submit all the issues to this case by [s]tipulation and [b]riefs." Subsequently, Appellees filed a combined brief in opposition to summary judgment, a memorandum of law on insurance coverage, and a cross-motion for declaratory judgment. On July 19, 2002, the trial court issued a final judgment which found Appellant was not entitled to recover under the insurance policies and dismissed Appellant's complaint on the merits. Appellant timely appealed raising three assignments of error for our review.
 ASSIGNMENT OF ERROR I
{¶ 3} "The trial court abused its discretion when it based its decision that the ambiguity of the word `you' in [A]ppellee's auto policy is clarified by an endorsement naming two individuals as `additional insureds,' on the bare assertion of [A]ppellee without affidavit or other proof that the Scott-Pontzer policy did not include `additional insureds' and was thus distinguished from [A]ppellee's policy."
{¶ 4} In her first assignment of error, Appellant asserts that the trial court abused its discretion when interpreting the word "you" in the Republic Franklin Auto Policy. We disagree.
{¶ 5} The interpretation of written contracts, and the decision as to whether a contract is ambiguous, is a question of law subject to de novo review on appeal. Sherman R. Smoot Co. of Ohio v. Ohio Dept. ofAdm. Serv. (2000), 136 Ohio App.3d 166, 172. See, also, Long BeachAssn., Inc. v. Jones (1998), 82 Ohio St.3d 574, 576; Moody v. OhioRehab. Serv. Comm., 10th Dist. No. 02AP-596, 2002-Ohio-6965, at ¶ 7. When interpreting insurance policies, the terms of the policy are examined to determine the intention of the parties regarding coverage.Thorne v. Amerisure Ins. Co., 9th Dist. No. 21137, 2002-Ohio-6123, ¶ 13, citing Minor v. Allstate Ins. Co., Inc. (1996),111 Ohio App.3d 16, 20. The words and phrases in the policy are given their plain and ordinary meaning. Thorne at ¶ 13, citng Minor,111 Ohio App.3d at 20. As such, we begin our analysis with a review of the pertinent policy language.
{¶ 6} The declarations page of the commercial auto policy, issued by Republic Franklin, identifies the named insured as "Jeter Systems Corporation and Jeter Label Corporation," the employer of Appellant. The policy provides the following definition for an insured:
{¶ 7} "Who is an Insured
{¶ 8} "1. You while `occupying' or, while a pedestrian, when struck by an `auto.'
{¶ 9} "2. If you are an individual, any `family member' while `occupying' or, while a pedestrian, when struck by an `auto.'
{¶ 10} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction."
{¶ 11} A later endorsement, entitled, "DRIVE OTHER CAR COVERAGE — BROADENED COVERAGE FOR NAMED INDIVIDUALS," modifies the policy. This endorsement lists individuals, Jill Jeter and Tamara Jeter, on the [s]chedule. The endorsement modifies the auto medical payments coverage and UIM coverage. It provides:
{¶ 12} "The following is added to WHO IS AN INSURED:
{¶ 13} "Any individual named in the Schedule and his or her `family members' are `insured' while `occupying' or while a pedestrian when being struck by any `auto' you don't own except:
{¶ 14} "Any `auto' owned by that individual or by any `family member.'
{¶ 15} "***
{¶ 16} "Additional Definition
{¶ 17} "`Family member' means a person related to the individual named in the Schedule by blood, marriage or adoption who is a resident of the individual's household, including a ward or foster child."
{¶ 18} Appellant maintains that as an employee of the insured corporation, she is entitled to UIM coverage based on the authority ofScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. InScott-Pontzer, the Ohio Supreme Court addressed whether a corporation's employees were entitled to UIM coverage under the corporation's insurance policies and determined that "when the named insured in an insurance company is a corporation, the definition of `you,' as included in the definition of an insured, is ambiguous." Thorne at ¶ 28, citingScott-Pontzer, 85 Ohio St.3d at 664-65. The court reasoned that naming the corporation as the insured would be meaningless unless the coverage extended to some person or individual, including the corporation's employee, since a corporation, in and of itself, cannot occupy an automobile. Scott-Pontzer, 85 Ohio St.3d at 664. Thus, coverage was applied to the corporation's employees as "a corporation can act only by and through real live persons." Id.
{¶ 19} This Court has previously held that "the inclusion of a named individual as an insured in a broadened coverage form removes the ambiguity in the definition of an insured for UIM benefits." Thorne at ¶ 29, citing Westfield Ins. Co. v. Galatis (Apr. 3, 2002), 9th Dist. No. 20784, 2002-Ohio-1502, at ¶ 22. Consequently, this Court need not engage in a Scott-Pontzer analysis on the facts of this case. SeeThorne at ¶ 29. Unlike the insurance policy in Scott-Pontzer, which lists solely the corporation as the named insured, the commercial auto policy issued to Jeter Systems Corporation refers to a schedule of named individuals, Jill and Tamara Jeter, as insureds for UIM coverage. SeeScott-Pontzer, 85 Ohio St.3d at 664. Therefore, the language in this policy, regarding the definition of an insured, is not ambiguous and thus not open to the interpretation that an employee of Jeter Systems Corporation is an insured for UIM coverage. See Thorne at ¶ 29. This Court interprets the language of Jeter Systems' policy as providing UIM benefits to solely the named individuals listed in the [s]chedule. See id. Accordingly, Appellant is not an insured under the terms of the policy, and consequently is not entitled to UIM benefits under the policy.
{¶ 20} The trial court did not err in determining that the Republic Franklin insurance policy was clarified by an endorsement naming two individuals as insureds. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
{¶ 21} "The trial court abused its discretion when it ignored the binding precedent of Scott-Pontzer and found that [A]ppellant was not driving a `covered auto.'"
 ASSIGNMENT OF ERROR III
{¶ 22} "The trial court abused its discretion when it failed to consider and rule upon [A]ppellant's argument that any auto, including [A]ppellant's personal auto, is covered for UM/UIM by operation of law."
{¶ 23} In light of our disposition in assignment of error one, we need not address Appellant's remaining assignments of error as they are now rendered moot. See App.R. 12(A)(1)(c). As we have determined Appellant was not an insured under the commercial auto insurance policy, our inquiry is at an end. Scott-Pontzer, 85 Ohio St.3d at 662 (declaring "[i]f we find [appellant] was not an insured under the policies, then our inquiry is at an end").
{¶ 24} Appellant's first assignment of error is overruled. Her remaining assignments of error are not addressed. Accordingly, the decision of the Summit County Court of Common Pleas is affirmed.
BAIRD, J. and BATCHELDER, J., CONCUR.