This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellants, Deborah Metzler ("Deborah"), Mary Metzler ("Mary"), and the Estate of Doris Metzler ("Doris"), appeal from the judgment of the Summit County Court of Common Pleas which granted declaratory judgment in favor of Appellee, Westfield Insurance Co., and determined that Appellants were not entitled to recover under the insurance policy issued by Appellee. We affirm.
 {¶ 2} On July 2, 2002, Appellee filed a complaint for declaratory judgment which sought a determination that the insurance policy issued to MAC Management Services, Inc. did not provide coverage for the injuries sustained by Deborah and Doris in a motor vehicle accident on December 30, 1996. Appellants counterclaimed asserting that they were entitled to coverage. Trial briefs and stipulations were filed. Thereafter, the court granted declaratory judgment in favor of Appellee and thus denied Appellants' counterclaims. Appellants timely appealed raising three assignments of error which have been rearranged for ease of review.
 ASSIGNMENT OF ERROR II
"The trial court erred in granting declaratory judgment against [Appellants] and in favor of [Appellee] by holding that the definition of `you' in the business auto policy is not ambiguous due to the identification of four individual named insureds along with the corporate named insured."
 {¶ 3} In their second assignment of error, Appellants essentially argue that the trial court erred in its conclusion that the term "you" was unambiguously defined and thus incorrectly granted declaratory judgment in favor of Appellee. We disagree.
 {¶ 4} The interpretation of written contracts, and the decision as to whether a contract is ambiguous, is a question of law subject to de novo review on appeal. Sherman R. Smoot Co. v. Ohio Dept. of Adm. Serv.
(2000), 136 Ohio App.3d 166, 172. See, also, Long Beach Assn., Inc. v.Jones (1998), 82 Ohio St.3d 574, 576. When interpreting insurance policies, the terms of the policy are examined to determine the intention of the parties regarding coverage. Thorne v. Amerisure Ins. Co., 9th Dist. No. 21137, 2002-Ohio-6123, at ¶ 13, citing Minor v. AllstateIns. Co., Inc. (1996), 111 Ohio App.3d 16, 20. The words and phrases in the policy are given their plain and ordinary meaning. Thorne at ¶ 13, citing Minor, 111 Ohio App.3d at 20. As such, we begin our analysis with a review of the pertinent policy language.
 {¶ 5} The policy indicates that Appellee
"will pay all sums the `insured' is legally entitled to recover as compensatory damages from the owner or driver of an `uninsured motor vehicle' because of `bodily injury' sustained by the `insured' caused by an `accident.' The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the `uninsured motor vehicle.'"
 {¶ 6} The declarations page of the commercial package policy identifies the named insureds as businesses MAC Management Services Inc., employer of decedent, Doris, Heidman, Inc., R.J. Co. Limited Partneship, R.L. Heidman and R.J. Co. dba JTK Co., R.J. Co. dba Don Leasing, and Erie Funding I, and individuals Richard Heidman, Edna June Heidman, John C. Blickle, and Jennifer E. Blickle.
 {¶ 7} The policy provides the following definition for an insured:
"B. Who is an Insured
"1. You.
"2. If you are an individual, any `family member.'
"3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction."
 {¶ 8} Family members include "person[s] related to you by blood, marriage or adoption who [are] resident[s] of your household, including a ward or foster child."
 {¶ 9} Appellants argue that because the decedent, Doris, was an employee of the insured corporation, they are entitled to UM/UIM coverage based on the authority of Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660. In Scott-Pontzer, the Ohio Supreme Court addressed whether a corporation's employees were entitled to UM/UIM coverage under the corporation's insurance policies and determined that "when the named insured in an insurance company is a corporation, the definition of `you,' as included in the definition of an insured, is ambiguous." Thorne at ¶ 28, citing Scott-Pontzer,85 Ohio St.3d at 664. The court reasoned that naming the corporation as the insured would be meaningless unless the coverage extended to some person or individual, including the corporation's employee, since a corporation, in and of itself, cannot occupy an automobile. Scott-Pontzer,85 Ohio St.3d at 664. Thus, coverage was applied to the corporation's employees as "a corporation can act only by and through real live persons." Id.
 {¶ 10} This Court has previously held that the inclusion of a named individual as an insured removes the ambiguity in the definition of an insured for UM/UIM benefits. See Smith v. Liberty Mut. Ins. Co., 9th Dist. No. 21311, 2003-Ohio-3160, at ¶ 34. See, also, Caruso v. UticaIns. Co., 9th Dist. No. 21222, 2003-Ohio-525, at ¶ 19; Thorne at ¶ 29, citing Westfield Ins. Co. v. Galatis, 9th Dist. No. 20784,2002-Ohio-1502, at ¶ 22. Consequently, this Court need not engage in a Scott-Pontzer analysis on the facts of this case. See Smtih at ¶ 34; Caruso at ¶ 19; Thorne at ¶ 29. Unlike the insurance policy in Scott-Pontzer, which lists the corporation as the named insured, the commercial auto policy issued by Appellee refers to a schedule of named individuals, Richard Heidman, Edna June Heidman, John C. Blickle, and Jennifer E. Blickle, as insureds for UM/UIM coverage. See Scott-Pontzer,85 Ohio St.3d at 664. Therefore, the language in this policy, regarding the definition of an insured, is not ambiguous and thus not open to the interpretation that an employee of MAC Management Services, Inc. is an insured for UM/UIM coverage. See Smith at ¶ 34; Caruso at ¶ 19; Thorne at ¶ 29. This Court interprets the language of the policy as providing UM/UIM benefits to solely the named individuals listed in the Schedule. See Caruso at ¶ 19; Thorne at ¶ 29. Accordingly, the Appellants are not insureds under the terms of the policy, and consequently are not entitled to UM/UIM benefits under the policy.
 {¶ 11} The trial court did not err in determining that the insurance policy issued to MAC Management Services, Inc. was rendered unambiguous by naming individuals as insureds. Thus, declaratory judgment was properly granted to Appellees in regards to Appellants claims under the business auto coverage policy. Accordingly, Appellants' second assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"The trial court erred in granting declaratory judgment against [Appellants] and in favor of [Appellee] by finding that the Commercial General Liability policy issued by [Appellee] in 1996 is not a motor vehicle liability policy subject to the requirements of R.C. 3937.18."
 ASSIGNMENT OF ERROR III
"The trial court erred in finding that [Appellants] breached the notice and subrogation provisions of the Westfield policy thereby relieving [Appellee] of any obligation to provide UM/UIM coverage."
 {¶ 12} In light of our disposition of the second assignment of error, we need not address the first and third assignments of error as they are now rendered moot. See App.R. 12(A)(1)(c).
 {¶ 13} Appellants' second assignment of error is overruled. The first and third assignments of error have not been addressed. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, J. and Whitmore, J. concur.