This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Hartford Insurance Company ("Hartford"), appeals from the decision of the Wayne County Court of Common Pleas, which granted summary judgment to Appellees, Luanna, David, Jonathan, Jessica, and Juliet Dotterer. Appellant, Nationwide Mutual Insurance Company ("Nationwide"), appeals from the grant of summary judgment to Appellees. We reverse and remand for further proceedings consistent with this opinion.
 I. {¶ 2} On August 11, 1998, Luanna was involved in an automobile accident caused by the negligence of Glenn Bergdorf, who failed to yield the right of way. Luanna was operating a 1994 Ford Aerostar, owned by her husband, David Dotterer. Bergdorf was insured by Westfield Insurance Co., with liability limits of $50,000 per person, and $100,000 per accident. Westfield paid Luanna and David the policy limits in settlement of their claims against Bergdorf.
 {¶ 3} At the time of the accident, Luanna was employed by Barberton Citizens Hospital, which was insured under a commercial automobile policy issued by Hartford. David, Luanna's spouse, was insured under a business automobile policy and a farmowners policy issued by Nationwide. Jonathan, Jessica, and Juliet Dotterer are minor children of Luanna and David and reside with the couple.
 {¶ 4} Appellees filed an action for declaratory judgment and damages. Their complaint was originally filed in the Summit County Court of Common Pleas; however, the action was transferred to the Wayne County Court of Common Pleas. Appellees sought declarations that (1) they are entitled to underinsured motorist coverage under a business automobile policy issued by Nationwide to David Dotterer, as a sole proprietor; (2) they are entitled to underinsured motorist coverage under a farmowners policy issued by Nationwide to David Dotterer, as a sole proprietor; and (3) they are entitled to underinsured motorist coverage under a commercial automobile policy issued by Hartford to Barberton Citizens Hospital.
 {¶ 5} Nationwide, Hartford, and Appellees filed motions for summary judgment. On July 31, 2002, the trial court entered its judgment with respect to the Nationwide policies. The court found that Appellees are insureds under the business automobile policy and are entitled to UIM coverage. The trial court also determined that the farmowners policy is not an automobile liability policy, and, therefore, UIM coverage does not arise by operation of law, and Appellees are not entitled to UIM coverage under that policy. Nationwide appealed from this decision. Appellees have not appealed the trial court's determination that the farmowners policy is not an automobile or motor vehicle policy.
 {¶ 6} On August 15, 2002, the trial court entered its judgment with respect to the Hartford policy. The court determined that Appellees are insureds under the policy pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire 
Marine Ins. Co. (1999), 86 Ohio St.3d 557. The court further determined that Appellees are entitled to UIM coverage under the policy. Hartford appeals from this decision.
 {¶ 7} The appeals were consolidated. Nationwide and Hartford each raises one assignment of error for review. We will discuss each in turn.
 II. Nationwide's Assignment of Error "The trial court erred in its determination that the plaintiffs are not excluded from coverage under the business auto policy issued to David Dotterer, a sole proprietorship."
 {¶ 8} In its assignment of error, Nationwide essentially challenges the grant of summary judgment to Appellees. Nationwide asserts that the trial court erred when it determined that Appellees are entitled to UIM coverage under the business auto policy; specifically, Nationwide argues that the trial court erred when it determined that an exclusion in the policy was invalid and, therefore Appellees were entitled to coverage.
 {¶ 9} We begin our discussion by noting the appropriate standard of review. An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 10} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 11} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.
 {¶ 12} Nationwide argues that Appellees are not entitled to UIM coverage because an exclusion in the policy precludes coverage. The policy contains an Ohio Uninsured Motorists Coverage — Bodily Injury endorsement, which provides the following exclusion of UIM coverage:
"This insurance does not apply to:
"5. `Bodily injury' sustained by:
 "a. You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorists coverage under this Coverage Form;
 "b. Any `family member' while `occupying' or when struck by any vehicle owned by that `family member' that is not a covered `auto' for Uninsured Motorists Coverage under this Coverage Form; or
 "c. Any `family member' while `occupying' or when struck by any vehicle owned by you that is insured for Uninsured Motorists Coverage on a primary basis under any other Coverage Form or policy."
 {¶ 13} The trial court found that this exclusion violates R.C.3937.18 and Martin v. Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478. In Martin, the Ohio Supreme Court held that "[a]n automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid." Martin, at paragraph three of the syllabus. The version of R.C. 3937.18 addressed in Martin mandated UM coverage if "(1) the claimant is an insured under a policy which provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law." Id. at 481. "An exclusion that purports to deny such a claimant uninsured motorist coverage thwarts the purpose of R.C. 3937.18 and is invalid." Holliman v. Allstate Ins. Co. (1999), 86 Ohio St.3d 414, 416. However, effective September 13, 1997, the holding in Martin was effectively superceded by amendments to R.C. 3937.18. H.B. 261 amended R.C. 3937.18(J) by specifically allowing an insurer to include terms and conditions that preclude coverage when an insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured when that vehicle is not specifically identified in the policy. See Kyle v. Buckeye Union Ins. Co., 6th Dist. No. L-02-1166, 2003-Ohio-488, ¶ 12; fn. 2.
{¶ 14} The version of R.C. 3937.18 applicable to this case is the post-H.B. 261 version. "For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, syllabus. This policy was in effect from March 4, 1998 until March 4, 1999. Therefore, the version of R.C. 3937.18 in effect on March 4, 1998 applies. Accordingly, we find that the trial court erred when it determined that the exclusion violates Martin and R.C. 3937.18. Nationwide's assignment of error is sustained to the extent that summary judgment was improperly granted to Appellees on the basis that the exclusion is invalid under Martin and 3937.18, and the cause is remanded for further proceedings.
 Hartford's Assignment of Error "The trial court abused its discretion when it held that plaintiff-appellee was entitled to coverage under hartford's fire policy."
{¶ 15} In its assignment of error, Hartford challenges the grant of summary judgment to Appellees on the issue of UIM coverage under the policy issued to Barberton Citizens Hospital. Hartford generally argues that Appellees are not entitled to UIM coverage because they violated provisions of the policy, destroying Hartford's subrogation rights. Hartford further argues that Appellees are not legally entitled to recover damages from the tortfeasor, thereby precluding coverage under the policy.
 {¶ 16} The trial court granted judgment to Appellees, finding that (1) Appellees are insureds for purposes of UIM coverage under the Hartford policy; (2) Appellees are entitled to legally recover damages from the tortfeasor; (3) Appellees are legally entitled to recover damages under the statute of limitations applicable to UIM claims; and (4) Appellees' claims are not barred by the notice and consent provisions in the policy.
 {¶ 17} If an insurance contract is clear and unambiguous, its interpretation is a question of law. Red Head Brass, Inc. v. Buckeye Union Ins. Co. (1999), 135 Ohio App.3d 616, 627; Beaver Excavating Co. v. United States Fid. Guar. Co. (1998), 126 Ohio App.3d 9, 14. In interpreting insurance policies, as with other written contracts, the court looks to the terms of the policy to determine the intention of the parties concerning coverage. Minor v. Allstate Ins. Co., Inc. (1996),111 Ohio App.3d 16, 20. The court must give the words and phrases in the policy their plain and ordinary meaning. Id., citing State Farm Auto Ins. Co. v. Rose (1991), 61 Ohio St.3d 528, overruled on other grounds, Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, paragraph one of the syllabus.
 {¶ 18} The business auto policy contains the following conditions regarding notice and consent:
"2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS
 "a. In the event of `accident', claim, `suit' or `loss', you must give us or our authorized representative prompt notice of the `accident' or `loss'.
"***
"3. LEGAL ACTION AGAINST US
 "No one may bring a legal action against us under this Coverage Form until:
 "a. There was been full compliance with all the terms of this Coverage Form[.]"
 {¶ 19} The policy also contains an endorsement entitled OHIO UNINSURED MOTORISTS COVERAGE — BODILY INJURY. The endorsement provides:
"E. CHANGES IN CONDITIONS
 "The CONDITIONS of the policy for OHIO UNINSURED MOTORISTS INSURANCE are changes as follows:
"***
 "2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS is changed by adding the following:
"***
 "c. A person seeking Uninsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the `insured' and the insurer of the [uninsured motor vehicle] and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such [uninsured vehicle]."
 {¶ 20} Hartford argues that these conditions preclude UIM coverage for the appellees. Appellees counter that the provisions do not bar UIM coverage, and the Section E.2.c. provision requiring notification of a tentative settlement is "poorly written, confusing, doubtful, uncertain, and ambiguous as to the requirements before and the consequences after settling with the tortfeasor who is an underinsured motorist."
 {¶ 21} The plain language of the policy states that no claim shall be brought until the claimant has complied with all provisions. The plain language of the policy conditions in question requires both prompt notice to the insurer in the event of an accident, as well as prompt notice of a tentative settlement. Thus, the trial court erred when it determined that the policy does not bar UIM benefits because the appellees settled and released the tortfeasor and his insurer.
 {¶ 22} The Ohio Supreme Court recently addressed the consequences of an insured's breach of policy conditions and the required analysis to determine whether such a breach relieves the insurer of its obligation to provide UIM coverage. See Ferrando v. Auto-Owners Mut. Ins. Co.,98 Ohio St.3d 186, 2002-Ohio-7217 . ./. ./0/2002/2002-Ohio-7217.doc. Prior to Ferrando, the law in Ohio concerning subrogation clauses in insurance contracts had been set forth in Bogan v. Progressive Cas. Ins. Co. (1988) 36 Ohio St.3d 22. In Bogan, the Ohio Supreme Court held that subrogation clauses were valid and enforceable preconditions to the duty to provide UIM coverage. Id. at paragraph four of the syllabus. The Ferrando Court specifically overruled in part paragraph four of the syllabus in Bogan, and held that, with respect to consent and subrogation-related provisions, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights. Ferrando, paragraph two of the syllabus. Thus, courts must now inquire into prejudice to the insurer prior to determining that the insurer is relieved of its obligation to provide UIM coverage when consent or other subrogation-related conditions are breached. See id.
 {¶ 23} The Ohio Supreme Court has set forth a two-step analysis. First, the court must determine if the insured breached a consent-to-settle or other subrogation-related condition. Id. at ¶ 91. If a breach occurred, the court must then determine whether the insurer was prejudiced. Id. In determining prejudice of the insurer, a presumption arises that the unreasonable delay was prejudicial; however, the insured may rebut the presumption with evidence to the contrary. Id.
 {¶ 24} Based upon the foregoing analysis, we sustain Hartford's assignment of error to the extent that the trial court erred when it determined that the policy did not bar UIM benefits because the appellees settled and released Bergdorf and his insurer. We therefore reverse the judgment entered in favor of Appellees and against Hartford, and remand the cause in order for the trial court to consider the two-step analysis from Ferrando in its determination as to whether Appellees breached the conditions of the policy, and if they did, if Hartford was prejudiced by the breach so as to preclude UIM coverage. We decline to address Hartford's remaining argument concerning whether the trial court erred by finding that Appellees were legally entitled to recover damages from the tortfeasor.
 III. {¶ 25} Based upon the foregoing, Nationwide's assignment of error is sustained. Hartford's assignment of error is sustained. Accordingly, the judgment of the Wayne County Court of Common Pleas entered in favor of Appellees and against Nationwide is reversed; the judgment entered in favor of Appellees and against Hartford is reversed; and the cause is remanded for further proceedings consistent with this opinion.
CARR, J. and BATCHELDER, J. CONCUR.