THE LONG BEACH ASSOCIATION, INC., APPELLEE, *v.* JONES
ET AL., APPELLANTS; PRYKA ET AL., APPELLEES.

[Cite as *Long Beach Assn., Inc. v. Jones* (1998), 82 Ohio St.3d 574.]

(No. 97-714—Submitted April 22, 1998 at the Seneca
County Session—Decided August 12, 1998.)

*Pheils & Wisniewski* and *David R. Pheils, Jr.,* for appellants.

*McKean & McKean* and *Alan R. McKean; Fuller & Henry, P.L.L., Martin D. Carrigan* and *Lisa A. Lay,* for appellee Long Beach Association, Inc.

*Meister, Ayers & Meister* and *Mark Metusalem,* for appellees Ray Pryka et al.

**MOYER, C.J.** The question presented for resolution is whether the wording in the 1927 plat of Block B is ambiguous or clear, and if clear, whether the plat limits use of the lagoon to residents of Block B or allows use to residents of Blocks A, B, and C of the Long Beach subdivision.

Our analysis causes us to conclude that the wording in the plat is clear in stating that all residents of the Long Beach subdivision have use of the lagoon, which includes the residents of Blocks A, B, and C. Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

The construction of written contracts and instruments, including deeds, is a matter of law. *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 449, 474 N.E.2d 271, 272. Questions of law are reviewed *de novo. Ohio Bell Tel. Co. v. Pub. Util. Comm.* (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286, 287.

The plat that is the subject of this dispute reads:

"Long Beach Subdivision of Block B of which this is a correct plat is laid out on and consists of Block B in Long Beach in Carroll Township, Ottawa County, Ohio recorded in Vol. ___ Page ___ of Plats of Ottawa County Record of Plats. Said Block B being located between Blocks A and C, Long Beach whose south line is 6613 North of centerline of Long Beach Road (as called) and whose north line is shore of Lake Erie. Stakes are set at all lot corners. Iron pipe set at points

marked thus -o- Stone monuments at points marked thus -x. Lots are numbered from 1–103 both inclusive and Lots A–B–C–D–E and F, G, and H. * * *

"We the undersigned owners of the above described premises adopt this subdivision into lots and dedicate to public use the way hereon delineated. Lot G is hereby dedicated to public use as soon as land adjoining on the South dedicated 20 ft. adjoining Robinwood Drive for street purposes. No part of private lane is dedicated to public. Said private lane Lots C–D and E are for the use of lot owners within the sub-division."

"Where terms in an existing contract are clear and unambiguous, this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 246, 7 O.O.3d 403, 406, 374 N.E.2d 146, 150; *Blosser v. Enderlin* (1925), 113 Ohio St. 121, 148 N.E. 393, paragraph one of the syllabus.

Applying those well-established principles here, if the intent of the drafters was to delineate an entirely new subdivision, they easily could have done so by eliminating any reference to its being a part of the general subdivision. The plat language clearly states that Block B is located "between Blocks A and C, Long Beach." The common meaning of this language can only suggest that Block B is a part of the general subdivision established in 1923. Nothing supports the contention of the appellants that Block B is somehow a separate subdivision from the Long Beach subdivision established in 1923, and that therefore the use of the lagoon is exclusive to the residents of Block B. We find no words in the plat that indicate an intent to remove Block B from the subdivision of Long Beach and designate an entirely separate subdivision. Thus, the proper conclusion is that Block B is included in the Long Beach subdivision.

Accordingly, we hold that the court of appeals erred in determining that the trial court made a factual determination concerning the plat language, since the interpretation of the unambiguous language was correctly a matter of law subject to determination by the trial court.

The judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.