DECISION AND JOURNAL ENTRY
Appellant Leonard Insurance Services Agency, Inc. has appealed from a judgment of the Summit County Common Pleas that granted Appellee Richard Hite's motion for enforcement of a settlement agreement and corresponding stipulated journal entry. This Court affirms.
 I.
During 1984, Leonard Insurance Services Agency, Inc. (Leonard Insurance) merged with another insurance agency. At the time of the merger, Richard Hite signed an Employment Agreement with Leonard Insurance. Contained within that agreement, at Paragraph Six, was the following provision, in pertinent part:
 As a further condition of this Employment Agreement, and in consideration of the foregoing agreements, Hite hereby covenants and agrees that Hite shall not directly or indirectly enter into or engage in any business in competition with [Leonard Insurance], the operation of any business engaged in the sale of brokering of insurance of any form, including the servicing of insurance accounts, either as an individual, or as a partner or as a joint venturer, or as an employee or agent for any person, or as an officer, director, or shareholder or otherwise[.] This covenant shall be limited to an area including the counties of Summit, Stark, Portage, Medina, Tuscarawas, Carroll, Columbiana, Wayne and Coshocton, in the State of Ohio, and shall expire two (2) years following the termination of this Employment Agreement[.] (hereinafter Paragraph Six)
 Ultimately, Hite became a Senior Vice-President and director of Leonard Insurance. However, on January 1, 1999, Hite resigned from his position. Thereafter, he began performing insurance related services for one of Leonard Insurance's clients headquartered in Stark County, Ohio. The facilities serviced, however, were located in North Carolina and Michigan, clearly outside the nine counties enumerated in the Employment Agreement. Upon learning of this arrangement and that Hite was employed by Westfield Insurance Company, located in Medina County, Ohio, Leonard Insurance informed Hite that it expected him to honor the terms of the Employment Agreement, specifically Paragraph Six. Hite disagreed with Leonard Insurance's interpretation of the Employment Agreement, and on February 3, 1999, Hite filed a complaint in the Summit County Common Pleas Court.
Hite's complaint sought a declaratory judgment and injunctive relief. Specifically, he sought to enjoin the enforcement of Paragraph Six as it was unlawful, overly broad and burdensome. On February 16, 1999, Leonard Insurance answered and filed a counterclaim, seeking both damages for the alleged breach of Paragraph Six and injunctive relief. Both parties filed for temporary restraining orders.
On March 2, 1999, just prior to a hearing on the temporary restraining orders, the parties reached a settlement agreement. A stipulated journal entry memorializing the agreement and dismissing all claims was filed as a result.[1] That entry provided, in pertinent part:
 1. Both parties shall comply with the terms of the Employment Agreement between Leonard Insurance Services Agency, Inc. and Richard B. Hite dated January 1, 1984.
 2. As said Employment Agreement relates to Paragraph 6, for a period of two (2) years commencing January 2, 1999 and ending January 1, 2001, Plaintiff Richard B. Hite shall not directly or indirectly contact any customer of the Leonard Insurance Services Agency, Inc. for purposes of engaging in any business in competition with the Company, including the sale or brokering of insurance of any form, including the servicing of insurance accounts, including any consulting or risk assessment or similar services relating to risk of loss and/or insurance policies, either as an individual or as a partner or as a joint venturer or as any employee or agent for any person or as an officer, director, or shareholder or otherwise, in the counties of Summit, Stark, Portage, Medina, Tuscarawas, Carroll, Columbiana, Wayne and Coshocton.
 Subsequently, Hite began work with Seibert Keck Insurance Company in Akron, Ohio. During June 1999, Leonard Insurance discovered that Hite was selling insurance in Summit County. Believing that Hite was violating the terms of the stipulated journal entry, Leonard Insurance filed a renewed motion for injunctive relief and in the alternative, a motion to set aside the settlement agreement. In response, Hite moved the trial court to enforce the settlement agreement, claiming that he was not soliciting Leonard Insurance's clients and was, therefore, abiding by the clear and unambiguous language contained in the stipulated journal entry's second paragraph. The trial court heard arguments, requested that the parties brief the issues and accepted evidence. On October 9, 1999, the trial court, holding that the second paragraph supplanted the language of the Employment Agreement, denied Leonard Insurance's renewed motion for injunctive relief and granted Hite's motion for enforcement of the settlement agreement. Leonard Insurance timely appealed, asserting two assignments of error.
 II. First Assignment of Error The trial court erred in adopting [Hite's] interpretation of thestipulated judgment entry because [that interpretation] contradictedthe clear and unambiguous language of the stipulated entry.
In its first assignment of error, Leonard Insurance has argued that the trial court erred when it determined that the parties intended to permit Hite, in contravention of Paragraph Six, to directly or indirectly contact and solicit customers other than those already receiving service from Leonard Insurance. Essentially, it has claimed that the stipulated journal entry, embodying the settlement agreement, did not replace the covenant-not-to-compete in Paragraph Six. Instead, it has suggested that the original covenant-not-to-compete stands and that paragraph two of the stipulated journal entry served only to clarify the portion of Paragraph Six discussing the precluded activities. To buttress this interpretation, Leonard Insurance pointed to the first paragraph of the stipulated journal entry, claiming that such language demonstrates that no change in the restrictions was intended.
Hite, in response, has argued that the second paragraph of the stipulated journal entry is clear and unambiguous. Standing upon this proposition, Hite has further argued that the language therein clearly and completely defines Hite's restrictions under the settlement agreement and that he is only prohibited from directly or indirectly contacting customers of Leonard Insurance. Simply put, Hite has argued, as the trial court held, that the second paragraph of the stipulated journal entry overrode and replaced the language of Paragraph Six.
This Court begins by noting that settlement agreements are highly favored by the law. State ex rel. Wright v. Weyandt
(1977), 50 Ohio St.2d 194. Moreover, this Court's review of a trial court's ruling upon a motion to enforce a settlement agreement is "whether the trial court's order is based on an erroneous standard or a misconstruction of the law." ContinentalW. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.
(1996), 74 Ohio St.3d 501, 502. Indeed, the standard of review is one of pure legal error and is limited to the trial court's construction of the contract as a matter of law. Id. See, also,Long Beach Assn., Inc. v. Jones (1998), 82 Ohio St.3d 574, 576.
Courts in Ohio generally presume that "[t]he intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." Kelly v. Medical Life Ins. Co.
(1987), 31 Ohio St.3d 130, paragraph one of the syllabus. If the language of that contract is clear and unambiguous, this Court must enforce the instrument as written. Hybud Equipment Corp. v.Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665. See, also, Long Beach, 82 Ohio St.3d at 577.
In the case at bar, both parties have conceded that the language of the first and second paragraphs of the stipulated journal entry is clear and unambiguous. However, they disagree on the legal import of that clear and unambiguous language. Upon review, this Court concludes that the clear and unambiguous language of the first paragraph of the stipulated journal entry means that the Employment Agreement remains in force. As a result, the clear and unambiguous language of the stipulated journal entry's second paragraph serves to explain Paragraph Six and Hite's obligations in relation to his covenant-not-to-compete therein. Stated differently, the second paragraph clarifies Hite's covenant-not-to-compete, while the first paragraph reveals that the remainder of the Employment Agreement remains in force. Thus, under the terms of the entire stipulated journal entry, Hite is prohibited from having any direct or indirect contact with any of Leonard Insurance's customers for business purposes within the enumerated nine counties. This obligation shall cease January 1, 2001. The judgment of the trial court was, therefore, not in error.[2] Leonard Insurance's first assignment of error is overruled.
 Second Assignment of Error Alternatively, the [trial] court erred in holding thatthe parties had a "meeting of the minds" when [it] hadconflicting affidavits on the essential terms of thesettlement.
For its second assignment of error, Leonard Insurance has challenged the trial court's order enforcing the stipulated journal entry in light of the conflicting extrinsic evidence regarding the parties' intent. Essentially, Leonard Insurance has argued that, if this Court rejects the position advanced in its first assignment of error, this Court should conclude, alternatively, that the settlement agreement is void because the parties never had a "meeting of the minds." In turn, Hite has argued that the trial court's action was appropriate and that the language of the stipulated journal entry is supported by parol evidence.
It is axiomatic that the purpose of contract construction is to effectuate the intent of the parties. Skivolocki v. East OhioGas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus. As noted previously, the parties' intent is presumed to reside in the language of the agreement. Kelly, at paragraph one of the syllabus. Therefore, when the language in a settlement agreement is clear and unambiguous, neither party can advance parol evidence to show a "meeting of the minds" or a lack thereof. See Yaroma v.Griffiths (1995), 104 Ohio App.3d 545, 555.
Because this Court has determined supra that the language employed in the stipulated journal entry is clear and unambiguous, it will not delve into the complexities created by the parties' proffered extrinsic evidence. This Court declines both parties' invitation to entertain arguments regarding parol evidence. Leonard Insurance's second assignment of error is overruled.
 III.
Leonard Insurance's assignments of error are overruled. The clear and unambiguous language of the stipulated journal entry prevents Hite from directly or indirectly contacting any of Leonard Insurance's customers, for any business purpose, in the nine enumerated counties until January 1, 2001. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
SLABY, J., CONCURS
[1] This Court would add that paragraph five of the order stated, "This Order shall remain in effect after the dismissal of the other claims." Thus, the trial court maintained jurisdiction over the enforcement of the settlement.
[2] This Court would note that "[w]here the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." State v. Allen (1996), 77 Ohio St.3d 172, 173
quoting Agricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275,284. Thus, while the trial court held that the second paragraph overrode and replaced Paragraph Six, its decision to deny Leonard Insurance's motions and grant Hite's motion to enforce was correct.