OPINION
Plaintiff-appellant TDT Electric Inc., dba Taylor Electric ("Taylor") brings this appeal from the judgment of the Court of Common Pleas of Union County granting a directed verdict in favor of defendant-appellee Honda of America Mfg., Inc. ("Honda").
On June 4, 1990, Taylor and Honda entered into a contract which permitted Honda departments to hire Taylor to perform electrical jobs costing less than $2,000.00 without seeking bids. Two department heads at Honda allegedly interfered with this contract by telling other department heads not to give jobs to Taylor. As a result, one of the heads was terminated and the other was demoted. Honda then gave Taylor a $750,000 electrical contract without going through the bidding process.
On January 3, 2000, Taylor filed a complaint alleging that Honda had breached its contract with Taylor by not awarding it more smaller electrical jobs. A jury trial was held on the issue on November 27 and 28, 2000. At the close of Taylor's case, Honda moved for a directed verdict. The trial court granted the directed verdict on the grounds that the contract did not require Honda to give any jobs to Taylor. It is from this judgment that Taylor appeals.
Taylor raises the following assignments of error.
The trial court improperly granted a directed verdict to Honda not basedupon the evidence presented by Taylor, but upon the trial court'sinterpretation of the contract.
The trial court erred in ruling that Taylor's breach of contract claimfor lost profits was unenforceable because Honda was not required to giveany work to Taylor under the contract.
When reviewing a motion for a directed verdict, the trial court must review the evidence in a light most favorable to the nonmoving party. Civ.R. 51(A)(4). If the trial court determines that reasonable minds could come to but one conclusion upon any determinative issue and that conclusion is adverse to the nonmoving party, the trial court shall grant the motion for a directed verdict. Id.
Taylor's claims are based upon an alleged breach of contract by Honda. Thus, the determinative issue in this case is whether, under the terms of the contract, Honda's behavior amounted to a breach of contract. The construction of written contracts is a matter of law and is to be reviewed de novo. Long Beach Association, Inc. v. Jones (1998),82 Ohio St.3d 574, 697 N.E.2d 208.
Here, the contract provides in pertinent part as follows.
 WHEREAS, Contractor has been selected by [Honda] to perform such services and provide necessary materials in connection therewith for [Honda] as requested by [Honda] from time to time in accordance with the terms of this Agreement.
 * * *
 Section 18. Requirements Contract: Contractor acknowledges that [Honda] has not represented that it intends to purchase all of its requirements for the specified services and materials from Contractor. In addition, Contractor acknowledges that [Honda], by this Agreement, does not promise to order a specified quantity of services or materials from Contractor.
 Contract, 1, 8. The president of Taylor also testified that Taylor completed the majority of the jobs under $2,000.00 for Honda in 1990. Tr. 153. The language of the contract is unambiguous and states that Honda is not required to hire Taylor for its electrical work. Based upon the contract, Honda had no duty to hire Taylor for the electrical jobs. There is no evidence that the contract was modified. The evidence presented in Taylor's case-in-chief does not change the plain language of the contract. Thus, Honda did not breach the contract by only using Taylor for the majority of the jobs. The first assignment of error is overruled.
The second assignment of error claims that the trial court erred by not permitting Taylor to recover damages for the breach of contract. Since Honda did not breach the terms of the contract, Taylor cannot recover damages for the breach. This assignment of error is not well-taken.
The judgment of the Court of Common Pleas of Union County is affirmed.
 __________________ BRYANT, J.
 WALTERS, P.J. and SHAW, J., concur.