OPINION
Appellant, Juliana N. Ginochi, appeals the decision of the Trumbull County Court of Common Pleas wherein it determined that the amended certificate of deposit ("CD") was a valid joint and survivorship account owned solely by Rose Marie Vaccar ("Vaccar").
In 1985, Stanley Dombrosky and his wife, Nancy J. Dombrosky, opened a joint account with a right of survivorship, consisting of a C.D. designated as account number 01210650, at the Trumbull Savings and Loan Company now known as the Second National Bank of Warren, Ohio ("the bank"). Mr. Dombrosky died in October 1993, leaving Nancy Dombrosky the sole owner of the account.
This account remained unchanged in the names of Stanley and Nancy Dombrosky until February 18, 1998. On that day, Mrs. Dombrosky and her sister Vaccar went to the bank with the purpose of amending the account. Kelli L. Stanar ("Stanar"), an authorized bank employee, helped Mrs. Dombrosky complete an account change form, authorizing the bank to delete her deceased husband's name from the account and replace it with her sister's name. Mrs. Dombrosky presented her husband's death certificate and, in the presence of Stanar, because of arthritis in her hands, expressly authorized Vaccar to finish signing her name to the account change form. The bank accepted the account change form.
After Mrs. Dombrosky's death, in April 1998, and a challenge to the disposition of the CD, the Trumbull Savings and Loan Company filed an interpleader action, requesting that the court determine who was entitled to the proceeds. Appellant, a beneficiary of Mrs. Dombrosky's will, intervened seeking a declaratory judgment. Vaccar filed a counterclaim. A bench trial was held on August 25, 1999. On August 30, a judgment entry was filed, finding that the C.D. was a joint and survivorship account, and ordering that the funds be disbursed to Vaccar. From this judgment, appellant assigns the following assignments of error:
 "[1.] The trial court erred as a matter of law in finding that the certificate of deposit account in the names of Nancy Dombrosky and Rose Marie Vaccar was a joint and survivorship account.
 "[2.] The trial court's judgment is contrary to R.C. 1107.08(B) and R.C. 2131.10.
 "[3.] The judgment of the trial court was against the manifest weight of the evidence."
 In appellant's first assignment of error, she contends that the trial court committed reversible error by failing to apply the precedent set forth in Wright v. Bloom (1994), 69 Ohio St.3d 596. She argues that the account did not contain a right of survivorship and, thus, should be included in the decedent's estate. Appellee asserts that, since Stanley and Nancy Dombrosky opened a joint account with right of survivorship, which was amended in 1998, solely by replacing Vaccar's name on the account for Stanley's, it remained a joint account with a right of survivorship.
Appellate courts review questions of law under a de novo standard.Long Beach Assn., Inc. v. Jones (1998), 82 Ohio St.3d 574 -5. It is undisputed that the Dombroskys opened a joint account with a right of survivorship. In 1998, Mrs. Dombrosky completed an account change form authorizing the bank to change the names on the account. The record shows that only one name changed. Everything else, including the account code number identifying the C.D. as a joint account with a right of survivorship, remained unchanged. Appellant argues that, upon the death of Mr. Dombrosky, the account was no longer a joint account with a right of survivorship and that, regardless of whether the account number remained the same, Mrs. Dombrosky created a new account in 1998. However, appellant does not offer any legal support for this conclusion. The record reveals that the account, in fact, remained a joint account with a right of survivorship, from its creation in 1985, until the bank deposited the proceeds with the trial court, in 1998.
In Wright, supra, at the second paragraph of the syllabus, the Ohio Supreme Court held:
 "The opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of capacity on the part of the decedent is conclusive evidence of his or her intention to transfer to the surviving party or parties a survivorship interest in the balance remaining in the account at his or her death. (In re Estate of Thompson [1981], 66 Ohio 2d 433, 20 O.O 3d 371, 423 N.E.2d 90, paragraph two of the syllabus, overruled.)"
Since the record is devoid of any assertion of fraud, duress, undue influence, or lack of capacity, we conclude that, upon Mrs. Dombrosky's death, the account passed to Vaccar, by virtue of her right of survivorship. Additionally, in Wright, supra, the court adopted the presumptions in Sections 6-103(a) and 6-104(a) of the Uniform Probate Code, which embody the assumption that the average depositor utilizes a joint and survivorship account as a non-probate device to dispose of property at death while retaining control during her lifetime. While the trial court relied on Fecteau v. Cleveland Trust Co. (1960),171 Ohio St. 121, instead of Wright, supra, it came to the correct conclusion; Mrs. Dombrosky created a joint and survivorship account in 1998. Further, because Mrs. Dombrosky initiated execution of the change form and expressly authorized Vaccar to complete her signature in the presence of Stanar, the issue of whether Vaccar had power of attorney is inapplicable. Appellant's first assignment of error lacks merit.
In appellant's second assignment of error, she contends that the trial court's judgment is contrary to R.C. 1107.08(B) and R.C. 2131.10. R.C.1107.08(B), which was repealed, and R.C. 2131.10 provide the procedure for establishing payable on death accounts and, thus, are inapplicable. A payable on death account is one where "the owner retains sole ownership of the account and only he may withdraw the proceeds or change the beneficiary during his lifetime." Giurbino v. Giurbino (1993)89 Ohio App.3d 646, 657. A joint account with a right of survivorship belongs to all the parties during their lifetimes. See, e.g., Wright,supra, at 607. Appellant's second assignment of error lacks merit.
In her third assignment of error, appellant contends that the trial court's judgment is against the manifest weight of the evidence. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. It is undisputed that Stanley and Nancy Dombrosky opened a joint account with a right of survivorship in 1985. The account remained unchanged until February 1998, when Mrs. Dombrosky substituted Vaccar's name on the account for Stanley's. The account has remained the same, except for changes in its prefix due to computer changes. The account number is determined by a code utilized by the bank that identifies it as a C.D. and as a joint account with a right of survivorship. The original signature card for this account clearly provides that the owners are joint tenants with right of survivorship. While the new signature cards for the amended account are missing, Stanar testified that they were completed and processed by the bank. Additionally, the account change form reveals that only one name on the account was changed — not its designation as a joint account with right of survivorship. Thus, the record contains competent, credible evidence demonstrating that Mrs. Dombrosky intended that the C.D. remain a joint account with a right of survivorship. Appellant's third assignment of error is without merit.
For the foregoing reasons, we affirm the judgment of the Trumbull County Court of Common Pleas.
JUDGE ROBERT A. NADER
CHRISTLEY, P.J., GRENDELL, J., concur.