DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Ceneca Chatman, appeals from the decision of the Summit County Court of Common Pleas which granted the motion for summary judgment of Appellee, Progressive Casualty Insurance Company. For the reasons stated below, we affirm.
 {¶ 2} In December of 1992, Appellant was seriously injured in an automobile accident with Eric Carter. At that time she resided with her mother, who was employed with Wayside Farm, Inc. ("Wayside"). Wayside was insured through Appellee. Thereafter, on September 18, 2001, Appellant filed an action against Appellee seeking a declaration that she was entitled to UM/UIM coverage. Appellee denied Appellant's claim. Subsequently, each party filed a motion for summary judgment. Upon taking the matter under consideration, the trial judge granted summary judgment to Appellee and denied Appellant's motion. It is from this order that Appellant appeals, raising one assignment of error for review.
Assingment of Error
"The lower court erred in denying [Appellant's] [p]artial [m]otion for [s]ummary [j]udgment and in granting [Appellee's] [m]otion for [s]ummary [j]udgment."
 {¶ 3} In her sole assignment of error, Appellant maintains that the trial court erroneously awarded summary judgment to Appellee. Appellant maintains that she was entitled to UM/UIM coverage under the insurance policies issued by Appellee pursuant to the authority of Scott-Pontzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. We disagree.
 {¶ 4} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 5} An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
 {¶ 6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial." Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 7} The interpretation of written contracts, and the decision as to whether a contract is ambiguous, is a question of law subject to de novo review on appeal. Sherman R. Smoot Co. v. Ohio Dept. of Adm. Serv.
(2000), 136 Ohio App.3d 166, 172. See, also, Long Beach Assn., Inc. v.Jones (1998), 82 Ohio St.3d 574, 576. When interpreting an insurance policy, the terms of the policy are examined to determine the intention of the parties to the agreement. Hamilton Ins. Serv., Inc. v. NationwideIns. Cos. (1999), 86 Ohio St.3d 270, 273; Thorne v. Amerisure Ins. Co.,
9th Dist. No. 21137, 2002-Ohio-6123, at ¶ 13, citing Minor v.Allstate Ins. Co., Inc. (1996), 111 Ohio App.3d 16, 20. The words and phrases in the policy are given their plain and ordinary meaning. Thorne
at ¶ 13, citing Minor, 111 Ohio App.3d at 20. Although a policy which contains ambiguous language is construed in favor of the insured, non-drafting party, this rule is not applied so as to provide for an unreasonable interpretation of such policy. Westfield Ins. Co. v.Galatis, 100 Ohio St.3d ___, 2003-Ohio-5849, at ¶ 14 and ¶ 34, citing Morfoot v. Stake (1963), 174 Ohio St. 506, paragraph one of the syllabus.
 {¶ 8} In Scott-Pontzer, the Ohio Supreme Court addressed whether a corporation's employees were entitled to UIM coverage under the corporation's insurance policies and determined that "when the named insured in an insurance company is a corporation, the definition of `you,' as included in the definition of an insured, is ambiguous."Thorne at ¶ 28, citing Scott-Pontzer, 85 Ohio St.3d at 664. The court reasoned that naming the corporation as the insured would be meaningless unless the coverage extended to some person or individual, including the corporation's employee, since a corporation, in and of itself, cannot occupy an automobile. Scott-Pontzer, 85 Ohio St.3d at 664. Thus, coverage was then applied to the corporation's employees as "a corporation can act only by and through real live persons." Id.
 {¶ 9} Recently, in Galatis, the Ohio Supreme Court limited the application of Scott-Pontzer and held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorists coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Galatis at ¶ 62. Additionally the court overruled Ezawa v. Yasuda Fire Marine Ins.Co. of Am. (1999), 86 Ohio St.3d 557 and determined that "where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Galatis at ¶ 62
 {¶ 10} In the present matter, on the date of the accident, Appellant resided with her mother who was employed by Wayside Farm Inc. At that time, Wayside was insured, via a policy of automobile liability insurance, by Appellee. The policy defined the insured as "[y]ou," which in this matter is the corporation Wayside, or a "relative[,]" and also provided a schedule of eighteen employees for coverage purposes. Appellant's mother is not listed among the insured employees. Additionally, Appellant's injury was unrelated to her mother's employment with Wayside. Therefore, the insurance policy issued to Wayside does not provide Appellant with coverage as she was neither an employee who suffered a loss within the course and scope of employment nor a covered family member. See Galatis at ¶ 62-63. Thus, summary judgment was properly granted to Appellees. Accordingly, Appellant's sole assignment of error is overruled.
 {¶ 11} Appellant's assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, J., Carr, J., concur