DECISION AND JUDGMENT ENTRY
{¶ 1} The city of Toledo ("the city"), appellant, appeals the judgment of the Lucas County Court of Common Pleas, which granted summary judgment to Mosser Construction, Inc., appellee herein and plaintiff below. Appellee filed a complaint seeking payment under a contract with the city to construct improvements to the Bayview Water Treatment Plant. For the following reasons, we affirm the trial court's judgment. *Page 2 
 {¶ 2} The city argues two assignments of error:
 {¶ 3} "1. The trial court erred when it granted appellee's motion for summary judgment because when the facts in this case are viewed in the most favorable light to the city, appellee did not meet its burden for proving breach of contract by the city.
 {¶ 4} "2. The trial court erred when it granted appellee's motion for summary judgment by misapplying the law to the facts in this case."
 {¶ 5} Because both assignments challenge the grant of summary judgment, we address them jointly.
 {¶ 6} Through 2005, Mosser, a construction contractor, held a contract with the city to construct improvements to the Bayview Water Treatment Plant. Neither party disputes that Mosser performed its obligations under the contract. At issue is Mosser's contention that, pursuant to the contract, it validly raised the cost payable by the city for its services in order to recoup a "commercial activity tax" incurred during its performance.
 {¶ 7} The contract relevantly provides:
 {¶ 8} "6.09 Laws and Regulations
 {¶ 9} "* * *
 {¶ 10} "C. Changes in Laws or Regulations not known at the time of opening of Bids (or, on the Effective Date of the Agreement if there were no Bids) having an effect on the cost or time of performance of the Work shall be the subject of an adjustment in contract Price or Contract Times. If Owner and Contractor are unable to agree on *Page 3 
entitlement to or on the amount or extent, if any, of any such adjustment, a Claim may be made therefore as provided in Paragraph 10.05.
 {¶ 11} "6.10 Taxes
 {¶ 12} "A. Contractor shall pay all sales, consumer, use and other similar taxes required to be paid by Contractor in accordance with the Laws and Regulations of the place of the Project which are applicable during the performance of the Work.
 {¶ 13} "* * *
 {¶ 14} "11.01 Cost of the Work
 {¶ 15} "A. Costs Included: The term Cost of the Work means the sum of all costs, except those excluded in Paragraph 11.01.B, necessarily incurred and paid by Contractor in the proper performance of the Work. When the value of any Work covered by a Change Order or when a Claim for an adjustment in Contract Price is determined on the basis of Cost of the Work, the costs tot be reimbursed to Contractor will be only those additional or incremental costs required because of the change in the Work or because of the event giving rise to the Claim. Except as otherwise may be agreed to in writing by Owner, such costs shall be in amounts no higher than those prevailing in the locality of the Project, shall include only the following items, and shall not include any of the costs itemized in Paragraph 11.01.B.
 {¶ 16} "* * *
 {¶ 17} "5. Supplemental costs including the following:
 {¶ 18} "* * * *Page 4 
 {¶ 19} "d. Sales, consumer, use, and other similar taxes related to the Work, and for which contractor is liable, imposed by Laws and Regulations.
 {¶ 20} "* * *
 {¶ 21} "B. Costs Excluded: The term Cost of the Work shall not include any of the following items:
 {¶ 22} "* * *
 {¶ 23} "5. Other overhead or general expense costs of any kind and the costs of any item not specifically and expressly included in Paragraphs 11.01.A and 11.01.B."
 {¶ 24} On June 30, 2005, R.C. 5751.02 became effective. It levies a commercial activity tax which, Mosser alleged, increased the cost of work for the project. The statute provides:
 {¶ 25} "(A) For the purpose of funding the needs of this state and its local governments beginning with the tax period that commences July 1, 2005, and continuing for every tax period thereafter, there is hereby levied a commercial activity tax on each person with taxable gross receipts for the privilege of doing business in this state. For the purposes of this chapter, `doing business' means engaging in any activity, whether legal or illegal, that is conducted for, or results in, gain, profit, or income, at any time during the calendar year. Persons on which the commercial activity tax is levied include, but are not limited to, persons with substantial nexus with this state. The tax imposed under this section is not a transactional tax and is not subject to Public Law No. 86-272, 73 Stat. 555. The tax imposed under this section is in addition to any other taxes or fees imposed under the Revised Code. The tax levied under this section is imposed on the person *Page 5 
receiving the gross receipts and is not a tax imposed directly on a purchaser. The tax imposed by this section is an annual privilege tax for the calendar year that, in the case of calendar year taxpayers, is the annual tax period and, in the case of calendar quarter taxpayers, contains all quarterly tax periods in the calendar year. A taxpayer is subject to the annual privilege tax for doing business during any portion of such calendar year.
 {¶ 26} "(B) The tax imposed by this section is a tax on the taxpayer and, shall not be billed or invoiced to another person. Even if the tax or any portion thereof is billed or invoiced and separately stated, such amounts remain part of the price for purposes of the sales and use taxes levied under Chapters 5739. and 5741. of the Revised Code. Nothing in division (B) of this section prohibits a person from including in the price charged for a good or service an amount sufficient to recover the tax imposed by this section." R.C. 5751.02.
 {¶ 27} Supported by affidavits, in its motion for summary judgment, Mosser alleged that as a result of the new tax it incurred additional "costs of work" of $30,423. The city admitted that it has refused to pay the additional amount claimed. Instead, it argued that the commercial activity tax was a privilege tax and therefore part of "overhead or general expense" costs excluded under the contract. The city also argued that the commercial activity tax is a "non-transactional" tax not directly tied to the services provided under the contract.
 {¶ 28} The trial court, in granting Mosser's motion for summary judgment and denying the city's motion for summary judgment, held that the commercial activity tax was a tax contemplated by the parties to be payable by the city as part of Mosser's *Page 6 
"supplemental costs." With respect to the city's second argument, it held that R.C. 5751.02(B) allows Mosser to include the tax to be included in the price charged for their services. Further, it noted that the contract specifically allows changes in the cost of work based upon new statutes.
 {¶ 29} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Civ.R. 56(C) provides:
 {¶ 30} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 31} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the nonmoving party's claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once this burden has been satisfied, the non-moving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 32} "The construction of written contracts is a question of law.Long Beach Assn., Inc. v. Jones (1998), 82 Ohio St.3d 574, 576. Under a de novo review, an appellate court may interpret the language of the contract substituting its interpretation *Page 7 
for that of the trial court. Children's Med. Ctr. v. Ward (1993),87 Ohio App.3d 504, 508. If the contract is unambiguous, then there is no question of fact to be determined. Alexander v. Buckeye Pipe LineCo. (1978), 53 Ohio St.2d 241. `However, if a term cannot be determined from the four corners of a contract, [a] factual determination of intent or reasonableness may be necessary to supply the missing term.'Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St.3d 321, 322, citing Hallet Davis Piano Co. v.Starr Piano Co. (1911), 85 Ohio St. 196, 97 N.E. 377." Seneca Valley,Inc. v. Caldwell, 156 Ohio App.3d 628, 633-634, 2004-Ohio-1730, ¶ 28.
 {¶ 33} "Generally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach. Upon demonstration of breach of contract, damages should place the injured party in as good a position as it would have been absent the breach." Garofalo v. Chicago Title Ins. Co. (1995), 104 Ohio App.3d 95,108 (internal citations omitted).
 {¶ 34} The city argues that the commercial activity tax is a tax levied as an "annual privilege tax" for the privilege of doing business in Ohio, not a "transactional" tax, pointing to the language of R.C.5751.02(A). Thus, since the tax is not a transactional tax, it is not "similar to" "sales, consumer, and use" taxes as contemplated by the contract to be shifted to the city. The city instead characterizes the tax as an "overhead" cost, *Page 8 
pursuant to the contract, expressly to be borne by Mosser. Therefore, the city concludes, Mosser cannot shift the cost of this tax to the city as part of its costs of work.
 {¶ 35} Mosser points to the change in law clause of the contract, arguing that the passage of R.C. 5751.02 constitutes a change in law which increased the cost of work, and that such increased costs not known at the time of bids were to be borne by the city. In support of its motion for summary judgment, it attached the affidavit of Michael Baker, an attorney and accountant. He reviewed the effect the commercial activity tax would have on Mosser, and concluded that it is a new tax which Mosser previously did not owe. Most relevantly, the tax functions as an excise tax on gross receipts. See R.C. 5751.03(A). Therefore, although R.C. 5751.02(A) states that the tax is not a transactional tax, the gross amount of Mosser's receipts affects the amount of tax payable. Mosser also provided sufficient evidence on summary judgment that the receipts collected from the city for the Bayview project would increase the net amount of tax owed in the amount of $30,423.
 {¶ 36} The trial court correctly granted Mosser's motion for summary judgment. First, the parties allowed for changes to the cost of work by virtue of changes in law. Second, the parties contemplated shifting Mosser's tax burden to the city in the event of unforeseen changes in the law if the tax was similar to a sales, consumer, or use tax. Since the amount of tax owed is tied to the amount of a business's gross receipts, the tax is similar to a sale or consumer tax and not an overhead tax. Third, R.C. 5751.02(B) does not prohibit Mosser from including the cost of the tax in the price it charges for its services. Fourth, although Mosser billed the city directly for the tax, an act otherwise *Page 9 
prohibited by the statute, the billing was the result of the increased cost of work due to the new commercial activity tax. The trial court therefore correctly awarded Mosser damages in the amount of $30,423. Appellant's assignments of error are not well-taken.
 {¶ 37} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1