[Cite as *Dervin v. Christopher Cox Ins. & Invests., Inc.*, 2020-Ohio-260.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| ALBERT H. DERVIN | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER COX INSURANCE & | : | |
| INVESTMENTS, INC., ET AL. | : | Case No. 2019CA00116 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 2019CV00999


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            January 27, 2020


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

KAREN C. LEFTON                            JACK MORRISON, JR.
TIMOTHY D. SMITH                           THOMAS R. HOULIHAN
3480 W. Market Street                      THOMAS A. MARINO II
Suite 304                                  One Cascade Plaza
Akron, OH 44333                            Suite 1510
                                           Akron, OH 44308

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellants Christopher Cox Insurance and Investments, Inc., et al, (Cox) appeal the July 16, 2019 judgment of the Court of Common Pleas, Stark County, Ohio denying appellant's motion to stay proceedings pending arbitration, and granting appellee's motion for leave to plead. Plaintiff-Appellee is Albert H. Dervin (Dervin).

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In 2001, Cox and Dervin formed Christopher Cox Insurance and Investments, Inc., each as a 50% shareholder. The parties executed a 5-page Shareholders Agreement to govern the business.

{¶ 3}   On May 6, 2019, following years of disagreement between the parties, Dervin filed a Complaint for Judicial Dissolution pursuant to O.R.C. 1701.91(A)(4).

{¶ 4}   Cox did not answer the complaint. Rather, on June 6, 2019, he filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, citing a mandatory arbitration clause within the Shareholders Agreement. On June 28, 2019, Cox filed a Motion to Stay Proceedings Pending Arbitration.

{¶ 5}   The trial court denied both motions. On June 25, 2019, the trial court found the matter was properly before it pursuant to O.R.C. 1701.91. On July 16, 2019, the trial court denied Cox's Motion to Stay Proceedings Pending Arbitration. It is from this judgment entry that Cox appeals. He raises two assignments of error as follow:

I

{¶ 6}   "THE TRIAL COURT ERRED BY DENYING A MOTION TO STAY PROCEEDINGS PENDING ARBITRATION WITHOUT SETTING FORTH ANY FINDINGS OR REASONING."

{¶ 7}   In his first assignment of error, Cox argues the trial court erred in denying his motion to stay proceedings pending arbitration without setting forth any findings or reasoning. We disagree.

{¶ 8}   The trial court's judgment entry states in its entirety:

> This matter is before the Court on Defendant's Motion to Stay Proceedings Pending Arbitration, and in the Alternative, for Leave to Plead. Said motion was filed on June 28, 2019. Plaintiff filed a Memorandum in Opposition on July 12, 2019.
>
> Upon Review, Defendant's motion to stay proceedings pending arbitration is DENIED. Defendant's motion for leave to plead is GRANTED up to and including August 5, 2019.

{¶ 9}   Cox argues we should remand this matter, and order the trial court to enter a new judgment entry with specific reasoning. In support of his argument, Cox relies on this court's opinion in *Premier Homes, Inc. v. Hanna-Commercial*, LLC, 5th Dist. Stark No. 2017CA00135, 2018-Ohio-1126. That matter, however, was far more complicated than the matter at bar. Memorandums before the trial court in *Premier* set forth multiple arguments on both sides, and we were unable to determine which reason or reasons the trial court relied upon in denying the parties motions to stay. *Premier* ¶ 19-20.

{¶ 10} Such is not the case here. As noted by Dervin, the matter here is a simple contract dispute, limited to the question of whether or not the Shareholder's Agreement compelled the parties to arbitrate the dissolution of their corporation. In denying Cox's

motion to stay proceedings pending arbitration, we may confidently infer the trial court found the matter was not subject to arbitration.

{¶ 11} The first assignment of error is overruled.

II

{¶ 12} "THE TRIAL COURT ERRED BY DENYING A MOTION TO STAY PROCEEDINGS PENDING ARBITRATION PURSUANT TO A VALID AND ENFORCEABLE ARBITRATION PROVISION IN THE SHAREHOLDERS' AGREEMENT."

{¶ 13} In his final assignment of error, Cox argues the trial court erred by denying his motion to stay pending arbitration because the Shareholder Agreement mandates arbitration of the dissolution. We disagree.

{¶ 14} In the case of contracts and other written instruments, the construction of the writing is a matter of law which we review de novo. See, *Martin v. Lake Mohawk Property Owner's Ass'n.*, 5th Dist. No. 04 CA 815, 2005-Ohio-7062, ¶ 23, citing *Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576, 697 N.E.2d 208 (1998). Under a de novo review, an appellate court may interpret the language of the contract substituting its interpretation for that of the trial court. *Witte v. Protek Ltd.*, 5th Dist. No. 2009CA00230, 2010-Ohio-1193, 2010 WL 1076070, ¶ 6, citing *Children's Medical Center v. Ward*, 87 Ohio App.3d 504, 622 N.E.2d 692 (1993).

{¶ 15} "Both the Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration." *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408. R.C. 2711.01(A) provides an arbitration agreement "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for

the revocation of any contract." Arbitration, however, is a matter of contract. A party cannot be forced to arbitrate that which the party has not agreed to arbitrate. *AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648-649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

{¶ 16} Dervin filed his complaint for judicial dissolution pursuant to R.C. 1701.91(A)(4). That section states:

(A) A corporation may be dissolved judicially and its affairs wound up:

* * *

(4) By an order of the court of common pleas of the county in this state in which the corporation has its principal office, in an action brought by one-half of the directors when there is an even number of directors or by the holders of shares entitling them to exercise at least two-thirds of the voting power, when it is established that the corporation has an even number of directors who are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, or when it is established that the corporation has an uneven number of directors and that the shareholders are deadlocked in voting power and unable to agree upon or vote for the election of directors as successors to directors whose terms normally would expire upon the election of their successors. Under these circumstances, dissolution of the

corporation shall not be denied on the ground that the corporation is solvent or on the ground that the business of the corporation has been or could be conducted at a profit.

{¶ 17} Cox argues Christopher Cox Insurance and Investments, Inc. may not be judicially dissolved because the matter is subject to arbitration per the Shareholder Agreement. In support of this argument, Cox relies upon two portions of the Shareholder Agreement. First, Section 9(f) which states:

{¶ 18} "All issues on which the shareholders are deadlocked in voting power or on which the directors or other parties managing the corporation are deadlocked shall be arbitrated according to Section 13 of this agreement."

{¶ 19} Section 13 states:

{¶ 20} "Arbitration. In the event differences arise among the parties hereto as to the rights, obligations, meaning, interpretation, or application of the provisions of this Agreement or in the event of a deadlock as provided in Section 9(f) hereof, those differences shall be settled or the deadlock resolved by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Judgment may be entered on any award at arbitration in any court of competent jurisdiction."

{¶ 21} As Dervin notes, while addressing death, disability, or retirement of a shareholder, nowhere in the Shareholder's Agreement is a mechanism for winding up the corporation mentioned. Although Cox argues the above language of the Shareholder agreement requires all disputes and issues on which shareholders are deadlocked be

subject to arbitration, the winding up of the corporation is not a "dispute" contemplated by the Shareholder Agreement.

{¶ 22} We find, therefore the trial court did not err in denying Cox's motion to stay proceedings pending arbitration.

{¶ 23} The judgment of the Stark County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.

EEW/rw